UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JUANA I. VENTURA AND OSCAR ALFARO**, as **PARENTS and NEXT FRIENDS of : CHRISTOPHER VENTURA ALFARO** 9412 Adelphi Road Apt. 301 Hyattsville, MD 20783 : : : : : : | |
| Plaintiffs, : | |
| v. : | Case No. |
| **PROVIDENCE HOSPITAL** serve:  Sister Carol Keehan  1150 Varnum Street, N.E.  Washington, DC  20017 : : : : : : : | |
| Defendant : | |

## COMPLAINT

COMES NOW the Plaintiffs, Juana I. Ventura and Oscar Alfaro as Parents and Next Friends of Christopher Ventura Alfaro, by and through their attorneys, Anthony G. Newman, Esq., and Ira Sherman, Esq., respectfully represents as follows:

## COUNT I
(*Medical Negligence- Childs' Claims*)

1. Jurisdiction of this Court is based on diversity of jurisdiction and the amount in controversy exceeds the jurisdictional limit.

2. Plaintiffs Juana I. Ventura and Oscar Alfaro are the natural parents of the minor Plaintiff, Christopher Ventura Alfaro and residents of the State of Maryland.

3. At all relevant times herein, Providence Hospital was a duly licensed and accredited health care facility, which held itself out to the public as an institution competent to provide health care services including: obstetric, gynecology and pediatric care, and to provide these services within the District of Columbia.

4. At all relevant times herein, Plaintiff Juana I. Ventura and her child minor Plaintiff Christopher Ventura Alfaro were treated by the agents, employees and/or servants of Providence Hospital, in the District of Columbia, all of whom were acting within the scope of their agency and/or employment.

5. On or about February 2, 2006 at 02:00 hrs. Plaintiff Juana I. Ventura presented herself in labor with a term infant; according to the medical record her "labor onset" was "19:00" hrs on February 2, 2006.  Ms. Ventura was 17 years old and this was her first pregnancy.

6. On or about February 2, 2006 at 08:21 hrs a fetal monitor was applied to monitor the fetus' wellbeing.  The tracings recorded fetal tachycardia, decelerations, and other ominous signs.

7. On or about February 3, 2006 at 00:15 hrs., minor Plaintiff Christopher Ventura Alfaro was delivered; the only sign of life was his heartbeat.

8. At the time delivery, the infant was described as "not crying, blue and floppy," he was not breathing and required immediate suctioning and intubation.

9. The pH of his umbilical cord was 6.82 (Providence's normal values are between "7.14 – 7.40"); this an extremely acidotic blood reading and demonstrates acute perinatal asphyxia.

10. On or about February 4, 2006, minor Plaintiff Christopher Ventura Alfaro was transferred to Children's National Medical Center, he was immediately diagnosed as having brain damage from delivery, specifically, "seizures, perinatal asphyxia," hypertonia (limbs were tight),

"scalp swelling," "no moro, suck or grasp" function, "no cry," and "hypoxic ischemic encephalopathy."

11. Minor Plaintiff Christopher Ventura Alfaro's initial Ct-scan demonstrated, *inter alia*, "[d]iffuse cerebral edema with parenchymal (extending into the subarachnoid) hemorrhages."

12. Defendant Providence Hospital, by and through its servants, agents and/or employees, were negligent in their management, care and treatment of adult Plaintiff Juana I. Ventura and minor Plaintiff Christopher Ventura Alfaro on February 2, 2006 and continuing thereafter, including but not limited to the following particulars:

    a. negligent performance of examinations and the evaluations;

    b. negligent failure to promptly deliver infant;

    c. negligent failure to properly evaluate and appreciate non-reassuring signs on the fetal monitor;

    d. negligent traumatic delivery;

    e. negligent and inadequate resuscitation efforts;

    f. negligent application of vacuum extractor;

    g. negligent supervision and/or training of the individuals involved in the delivery process by Providence Hospital;

    h. abandonment of the female Plaintiff;

    i. Defendant was otherwise negligent; and,

    j. Plaintiffs may also rely on *res ipsa loquitur*.

13. As a direct and proximate result of the aforesaid acts of negligence by the agents, employees and/or servants of Providence Hospital, minor Plaintiff suffered hypoxic ischemic

encephalopathy, diffuse cerebral edema, subarachnoid hemorrhages and intraventricular hemorrhages, causing severe permanent brain damage with disabling damage to his body, including but not limited to, permanent motor and neurological dysfunction, seizures, RDS, cerebral palsy, and other global neurological and physical impairments leaving him completely and permanently disabled; he has endured in the past, and will endure in the future, severe pain, suffering, and humiliation; his disabilities will cause him to sustain expenses for medical, psychological, nursing, rehabilitative, educational, pharmaceutical services, as well as life long, around-the-clock care and attention for all activities of daily living; as well as expenses for specialized equipment, vehicles, home modification and other supplies.

WHEREFORE, Plaintiffs Juana I. Ventura and Oscar Alfaro, as Parents and Next Friends of Christopher Ventura Alfaro, demand judgment of and against Defendant, Providence Hospital, in the full sum of Forty Million Dollars ($40,000,000.00), plus costs and interest.

## COUNT II
(*Lack of Informed Consent*)

Plaintiffs re-plead and incorporate by reference herein each and every allegation set forth above and further state as follows:

14. Defendant never provided adult plaintiffs with adequate disclosure, in their native tongue, Spanish, of the procedures to be conducted, the processes and/or the delivery options available to the female plaintiff.

15. Defendant never provided any disclosure to adult plaintiffs about the dangers associated with delaying the delivery and/or the potential problems associated with the non-reassuring signs on the fetal monitor, and/or that is was Defendant's decision to delay delivery

even in the face of said non-reassuring signs.

16. Defendant never allowed the adult Plaintiffs, to choose the method(s) of delivery and/or the delivery plan, since there was no discussion of the benefits and/or risks to the baby associated with each delivery method or plan.

17. Had Plaintiffs been informed of, *inter alia,* the aforesaid facts, adult Plaintiffs would not have agreed to the procedures that were performed, and not allowed the delays that occurred during the delivery of the infant and would have chosen a prompt surgical delivery prior to the infant suffering brain damage.

WHEREFORE, Plaintiffs Juana I. Ventura and Oscar Alfaro, individually and as Parents and Next Friends of Christopher Ventura Alfaro, demand judgment of and against Defendant Providence Hospital, in the full sum of Forty Million Dollars ($40,000,000.00) plus costs and interest.

## COUNT III
(*Parents' Claim*)

Plaintiffs re-plead and incorporate by reference herein each and every allegation set forth above and further state as follows:

18. As a direct and proximate result of the injuries sustained by minor Plaintiff Christopher Ventura Alfaro as set forth hereinabove, adult Plaintiffs Juana I. Ventura and Oscar Alfaro have suffered and will continue to suffer throughout minor Plaintiff's majority, damages from, but not limited to, expenses for medical services, medical equipment, home modifications, caregivers, supplies and other related expenses as well as, a loss of financial support.

WHEREFORE, Plaintiffs Juana I. Ventura and Oscar Alfaro individually demand judgment

of and against Defendant, Providence Hospital, in the full sum of Ten Million Dollars ($10,000,000.00) plus costs and interest.

   /s/ Anthony Newman
Anthony Newman, Esquire
NEWMAN, McINTOSH & HENESSEY, LLP
7315 Wisconsin Avenue, Suite 700E
Bethesda, Maryland 20814
(301) 654-3400

   /s/ Ira Sherman
Ira Sherman, Esq.
Joseph Cammarata, Esq.
Alan Segal, Esq.
CHAIKIN & SHERMAN, PC
1232 Seventeenth Street, N.W.
Washington, D.C. 20036
(202) 659-8600
**Attorneys for Plaintiffs**

## JURY DEMAND

Plaintiffs request trial by jury as to all counts herein.

   /s/ Anthony G. Newman
Anthony G. Newman

### I (a) PLAINTIFFS

Juana I. Ventura and Oscar Alfaro as Parents and Next Friends of Christopher Ventura Alfaro

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
**(EXCEPT IN U.S. PLAINTIFF CASES)**

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Anthony G. Newman, Esq.
Newman, McIntosh & Hennessey, LLP
7315 Wisconsin Avenue, Suite 700E
Bethesda, MD 20814
(301) 654-3400

### DEFENDANTS

Providence Hospital

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  11001
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ● 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ● 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ● 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

### IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

**○ A. *Antitrust***
- ☐ 410 Antitrust

**● B. *Personal Injury/Malpractice***
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☒ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**○ C. *Administrative Agency Review***
- ☐ 151 Medicare Act

**Social Security:**
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

**Other Statutes**
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. *Temporary Restraining Order/Preliminary Injunction***

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. *General Civil (Other)*   OR   ○ F. *Pro Se General Civil*

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

- ● 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 U.S.C. 1332 Diversity of Citizenship. Jurisdiction of this court is based on diversity of citizenship and the amount in controversy exceeds the limit

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23  ☐

**DEMAND $** 90,000,000.00  Check YES only if demanded in complaint

**JURY DEMAND:** YES ☒  NO ☐

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

**DATE** 12/8/06  **SIGNATURE OF ATTORNEY OF RECORD** _____

---

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.