UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **JUANA I. VENTURA AND** | : | |
| **OSCAR ALFARO, as** | : | |
| **PARENTS and NEXT FRIENDS of** | : | |
| **CHRISTOPHER VENTURA ALFARO** | : | |
| **9412 Adelphi Road** | : | |
| **Apt. 301** | : | |
| **Hyattsville, MD 20783** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| v. | : | Case No. 1: 06CV02090 |
| | : | |
| **PROVIDENCE HOSPITAL** | : | |
| serve: | : | |
|    **CT Corporation** | : | |
|    **1015 15th Street, NW, Suite 1000** | : | |
|    **Washington, DC 20005** | : | |
| | : | |
| **Defendant** | : | |

## AMENDED COMPLAINT

COMES NOW the Plaintiffs, Juana I. Ventura and Oscar Alfaro as Parents and Next Friends of Christopher Ventura Alfaro, by and through their attorneys, Anthony G. Newman, Esq., and Ira Sherman, Esq., respectfully represents as follows:

### COUNT I
(*Medical Negligence- Childs' Claims*)

1.  Jurisdiction of this Court is based on diversity of jurisdiction and the amount in controversy exceeds the jurisdictional limit.

2.  Plaintiffs Juana I. Ventura and Oscar Alfaro are the natural parents of the minor Plaintiff, Christopher Ventura Alfaro and residents of the State of Maryland.

3.  At all relevant times herein, Providence Hospital was a duly licensed and accredited health care facility, which held itself out to the public as an institution competent to provide health care services including: obstetric, gynecology and pediatric care, and to provide these services within the District of Columbia.

4.  At all relevant times herein, Plaintiff Juana I. Ventura and her child minor Plaintiff Christopher Ventura Alfaro were treated by the agents, employees and/or servants of Providence Hospital, in the District of Columbia, all of whom were acting within the scope of their agency and/or employment.

5.  On or about February 2, 2006 at 02:00 hrs. Plaintiff Juana I. Ventura presented herself in labor with a term infant; according to the medical record her "labor onset" was "19:00" hrs on February 2, 2006. Ms. Ventura was 17 years old and this was her first pregnancy.

6.  On or about February 2, 2006 at 08:21 hrs a fetal monitor was applied to monitor the fetus' wellbeing. The tracings recorded fetal tachycardia, decelerations, and other ominous signs.

7.  On or about February 3, 2006 at 00:15 hrs., minor Plaintiff Christopher Ventura Alfaro was delivered; the only sign of life was his heartbeat.

8.  At the time delivery, the infant was described as "not crying, blue and floppy," he was not breathing and required immediate suctioning and intubation.

9.  The pH of his umbilical cord was 6.82 (Providence's normal values are between "7.14 – 7.40"); this an extremely acidotic blood reading and demonstrates acute perinatal asphyxia.

10. On or about February 4, 2006, minor Plaintiff Christopher Ventura Alfaro was transferred to Children's National Medical Center, he was immediately diagnosed as having brain damage from delivery, specifically, "seizures, perinatal asphyxia," hypertonia (limbs were tight),

"scalp swelling," "no moro, suck or grasp" function, "no cry," and "hypoxic ischemic encephalopathy."

    11.    Minor Plaintiff Christopher Ventura Alfaro's initial Ct-scan demonstrated, *inter alia*, "[d]iffuse cerebral edema with parenchymal (extending into the subarachnoid) hemorrhages."

    12.    Defendant Providence Hospital, by and through its servants, agents and/or employees, were negligent in their management, care and treatment of adult Plaintiff Juana I. Ventura and minor Plaintiff Christopher Ventura Alfaro on February 2, 2006 and continuing thereafter, including but not limited to the following particulars:

    a.    negligent performance of examinations and the evaluations;

    b.    negligent failure to promptly deliver infant;

    c.    negligent failure to properly evaluate and appreciate non-reassuring signs on the fetal monitor;

    d.    negligent traumatic delivery;

    e.    negligent and inadequate resuscitation efforts;

    f.    negligent application of vacuum extractor;

    g.    negligent delay in the treatment of the infant's seizures;

    h.    negligent supervision and/or training of the individuals involved in the delivery process and neonatal care by Providence Hospital;

    i.    abandonment of the female Plaintiff;

    j.    Defendant was otherwise negligent; and,

    k.    Plaintiffs may also rely on *res ipsa loquitur*.

13. As a direct and proximate result of the aforesaid acts of negligence by the agents, employees and/or servants of Providence Hospital, minor Plaintiff suffered hypoxic ischemic encephalopathy, diffuse cerebral edema, subarachnoid hemorrhages and intraventricular hemorrhages, causing severe permanent brain damage with disabling damage to his body, including but not limited to, permanent motor and neurological dysfunction, seizures, RDS, cerebral palsy, and other global neurological and physical impairments leaving him completely and permanently disabled; he has endured in the past, and will endure in the future, severe pain, suffering, and humiliation; his disabilities will cause him to sustain expenses for medical, psychological, nursing, rehabilitative, educational, pharmaceutical services, as well as life long, around-the-clock care and attention for all activities of daily living; as well as expenses for specialized equipment, vehicles, home modification and other supplies.

WHEREFORE, Plaintiffs Juana I. Ventura and Oscar Alfaro, as Parents and Next Friends of Christopher Ventura Alfaro, demand judgment of and against Defendant, Providence Hospital, in the full sum of Forty Million Dollars ($40,000,000.00), plus costs and interest.

## COUNT II
(*Lack of Informed Consent*)

Plaintiffs re-plead and incorporate by reference herein each and every allegation set forth above and further state as follows:

14. Defendant never provided adult plaintiffs with adequate disclosure, in their native tongue, Spanish, of the procedures to be conducted, the processes and/or the delivery options available to the female plaintiff.

15. Defendant never provided any disclosure to adult plaintiffs about the dangers

associated with delaying the delivery and/or the potential problems associated with the non-reassuring signs on the fetal monitor, and/or that is was Defendant's decision to delay delivery even in the face of said non-reassuring signs.

16.     Defendant never allowed the adult Plaintiffs, to choose the method(s) of delivery and/or the delivery plan, since there was no discussion of the benefits and/or risks to the baby associated with each delivery method or plan.

17.     Had Plaintiffs been informed of, *inter alia,* the aforesaid facts, adult Plaintiffs would not have agreed to the procedures that were performed, and not allowed the delays that occurred during the delivery of the infant and would have chosen a prompt surgical delivery prior to the infant suffering brain damage.

WHEREFORE, Plaintiffs Juana I. Ventura and Oscar Alfaro, individually and as Parents and Next Friends of Christopher Ventura Alfaro, demand judgment of and against Defendant Providence Hospital, in the full sum of Forty Million Dollars ($40,000,000.00) plus costs and interest.

## COUNT III
(*Parents' Claim*)

Plaintiffs re-plead and incorporate by reference herein each and every allegation set forth above and further state as follows:

18.     As a direct and proximate result of the injuries sustained by minor Plaintiff Christopher Ventura Alfaro as set forth hereinabove, adult Plaintiffs Juana I. Ventura and Oscar Alfaro have suffered and will continue to suffer throughout minor Plaintiff's majority, damages

from, but not limited to, expenses for medical services, medical equipment, home modifications, caregivers, supplies and other related expenses as well as, a loss of financial support.

WHEREFORE, Plaintiffs Juana I. Ventura and Oscar Alfaro individually demand judgment of and against Defendant, Providence Hospital, in the full sum of Ten Million Dollars ($10,000,000.00) plus costs and interest.

   /s/ Anthony Newman
Anthony Newman, Esquire
NEWMAN, McINTOSH & HENESSEY, LLP
7315 Wisconsin Avenue, Suite 700E
Bethesda, Maryland 20814
(301) 654-3400

   /s/ Ira Sherman
Ira Sherman, Esq.
Joseph Cammarata, Esq.
Alan Segal, Esq.
CHAIKIN & SHERMAN, PC
1232 Seventeenth Street, N.W.
Washington, D.C. 20036
(202) 659-8600
**Attorneys for Plaintiffs**

## JURY DEMAND

Plaintiffs request trial by jury as to all counts herein.

   /s/ Anthony G. Newman
Anthony G. Newman

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **JUANA I. VENTURA,** *et. al.* | : | |
| | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| v. | : | Case No. 1: 06CV02090 |
| | : | Judge: Emmet G. Sullivan |
| | : | Deck Type: Personal Injury/Malpractice |
| | : | |
| **PROVIDENCE HOSPITAL** | : | |
| | : | |
| | : | |
| | : | |
| **Defendant** | : | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of January 2007, a copy of the Amended Complaint was mailed certified first class, postage prepaid to:

Providence Hospital
c/o CT Corporation
1015 15th Street NW, Suite 1000
Washington D.C., 20005

_____
Anthony G. Newman, Esquire