SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| JUANA I. VENTURA AND<br>OSCAR ALFARO, as<br>PARENTS and NEXT FRIENDS of,<br>CHRISTOPHER VENTURA ALFARO<br><br>   Plaintiffs,<br><br>v.<br><br>PROVIDENCE HOSPITAL,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 1: 06CV02090<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER TO COMPLAINT AND AMENDED COMPLAINT

Defendant, Providence Hospital, by counsel, responds as follows to both the original Complaint filed herein and to the Amended Complaint that was served upon the Defendant:

## FIRST DEFENSE

In response to the allegations of Count I of the Complaints, Defendant states:

1.  Defendant denies the jurisdictional averments as pleaded, but upon information and belief it admits that this Court would have jurisdiction based upon diversity of citizenship.

2.  Upon information and belief, Defendant admits the allegations of paragraph 2.

3.  Defendant denies the allegations of paragraph 3 as pleaded, but admits that it was a duly licensed and accredited hospital in the District of Columbia and that it provided, through appropriate licensed professionals, health care services as alleged.

4.  Defendant admits the allegations of paragraph 4.

5.  Defendant denies the allegations of the first sentence of paragraph 5 as pleaded, but admits the allegations of the second sentence of that paragraph.

6.  Defendant admits that a fetal monitor was applied on February 2, 2006 at 08:21 hours,

but denies all other allegations of paragraph 6.

7. Defendant admits that the minor Plaintiff was delivered on February 3, 2006 at 00:15 hours but denies all other allegations of paragraph 7.

8. Defendant denies the allegations of paragraph 8 as pleaded, but admits that after the usual immediate suctioning the infant was intubated.

9. Defendant admits that the laboratory report for the infant's cord pH at 02:09 on February 3, 2006 was 6.82 and that the normal values at Providence's laboratory are between 7.14 and 7.40, but it denies all other allegations of paragraph 9.

10. Defendant admits that the minor Plaintiff was transferred to Children's National Medical Center on February 4, 2006, but Defendant is without knowledge or information sufficient to form a belief as to the truth of all other allegations contained in paragraph 10, and therefore denies all said allegations and demands strict proof thereof.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11, and therefore denies all said allegations and demands strict proof thereof.

12. Defendant denies all the allegations of paragraph 12 and of every subparagraph thereof.

13. Defendant denies all allegations of negligence and causation contained in paragraph 13, and is without knowledge or information sufficient to form a belief as to the truth of all allegations of injuries and damages contained in that paragraph, and therefore denies all said allegations and demands strict proof thereof.

In answer to the allegations of Count II of the Complaints, Defendant adopts and incorporates by reference all its above responses to the allegations of Count I and further states:

14. Defendant denies all the allegations of paragraph 14.

15. Defendant denies all the allegations of paragraph 15.

16. Defendant denies all the allegations of paragraph 16.

17. Defendant denies all the allegations of paragraph 17.

In answer to the allegations of Count III of the Complaints, Defendant adopts and incorporates by reference all its above responses to the allegations of Counts I and II and further states:

18. It denies all the allegations of paragraph 18 and demands strict proof thereof.

## SECOND DEFENSE

Defendant denies all allegations of negligence and causation, and avers that all care and treatments provided by the agents, servants or employees of Defendant fully met the applicable standards of care.

## THIRD DEFENSE

If Plaintiffs suffered any injuries or damages as alleged, said injuries and damages may have been caused by the Plaintiffs' natural bodily conditions and/or disease processes.

Respectfully submitted,

HOGAN & HEALD

By:_____
    Thomas M. Hogan, Esquire
    D.C. Bar #104950
    11130 Fairfax Blvd., Suite 310
    Fairfax, Virginia 22030
    (703) 591-0003
    (703) 591-4114 (Fax)
    *Counsel for Defendant, Providence Hospital*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of this Answer was served electronically on the attorneys for the Plaintiff on this 23rd day of February 2007, and copies were also mailed to Plaintiffs' attorneys, postage pre-paid, to the following addresses:

Anthony Newman, Esquire
NEWMAN, McINTOSH & HENESSEY, LLP
7315 Wisconsin Avenue, Suite 700E
Bethesda, MD 20814
301-654-3400

Ira Sherman, Esquire
Joseph Cammarata, Esquire
Alan Segal, Esquire
CHAIKIN & SHERMAN, PC
1232 Seventeenth Street, NW
Washington, DC 20036
202-659-8600
*Attorneys for Plaintiffs*

                                                                                          _____
                                                                                          Thomas M. Hogan, Esquire