UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
*Civil Division*

| | |
|---|---|
| JUANA I. VENTURA, *et al.* : | |
| : | |
| **Plaintiffs,** : | |
| : | Civil No. 1: 06CV02090 |
| v. : | Judge Emmet G. Sullivan |
| : | |
| PROVIDENCE HOSPITAL, *et al*. : | |
| : | |
| **Defendants.** : | |
| : | |

### PLAINTIFFS' 26(b)(4) STATEMENT

Plaintiffs list the following expert witness they expect to call at the time of trial:

1. Barry Schifrin, M.D. (Ob/Perinatologist)
   18425 Burbank Blvd.
   Suite 600
   Tarzana, CA 91356

2. Patrick Lavery, M.D. (Ob/Perinatatologist)
   3416 Winchell Avenue
   Kalamazoo, MI 49002

3. James O'Leary, M.D. (Ob/Gyn)
   2905 Gulfshore Boulevard N., #402
   Naples, Florida 34103

Drs. Schifrin, Lavery and O'Leary, as previously stated in Plaintiffs' Answer to Interrogatory #25 and is incorporated herein by reference, are expected to testify to a reasonable degree of medical certainty that defendant was negligent in falling below the national standard of care, in the following:

    a. negligent performance of examinations and the evaluations, including, but not limited to, failing to recognize and appreciate the signs of fetal distress present on the fetal heart monitor, failing to appreciate the mother's verses the fetus' heartbeat;

    b. negligent failure to promptly deliver the infant when there were non-reassuring signs on the fetal heart monitor including, but not limited to: tachycardia; decelerations; and other signs of fetal distress;

    c. negligent failure to properly evaluate and appreciate the non-reassuring signs on the fetal monitor and perform a prompt surgical delivery;

      d.      negligent traumatic delivery as evidenced by the condition of the infant at the time of delivery, including, but not limited to molding and edema;

      f.      negligent application of vacuum extractor (if one was applied as stated in the pediatric records);

      g.      negligent failure to augment labor with oxytocin as ordered;

      h.      negligent supervision and/or training of the individuals involved in the delivery process and neonatal care by Providence Hospital given the lack of appreciation by the nursing and Ob staff of the maternal heart rate, failure to recognize the signs and symptoms of fetal distress, as well as the delay in and the traumatic nature of, the delivery; and,

      i.      abandonment of the mother for prolonged periods of time without any nursing and/or physician's involvement without a plan for prompt delivery.

These experts will also provide their opinions that, as a proximate result of the aforesaid, the minor plaintiff was born with a cord pH of 6.99, "not crying, blue and floppy," and requiring immediate intubation. They are further expected to opine that if delivery the infant had been promptly and atraumatically performed, the child would not have suffered permanent neurological injuries from these conditions.

    4.      Robert Cullen, M.D. (Pediatric neurologist)
               Miami Children's Hospital
               3200 SW 60th Court, Suite 302
               Miami, Florida 33155

    5.      Carolyn S. Crawford, M. D.(perinatologist/neonatologist)
               5616 Sounds Avenue
               N. Sea Isle City, New Jersey 08243

Dr. Cullen, as previously stated in Plaintiffs' Answer to Interrogatory #25 and is incorporated here by reference, and Dr. Crawford, are expected to testify, in accordance with the aforesaid experts, as to issues of liability stated in the aforesaid subsections as to the treating healthcare providers and their negligent monitoring and delivery the infant. In addition, they are expected to testify to a reasonable degree of medical certainty that defendant was negligent and fell below the national standard of care, in the following:

    a.    negligent and inadequate resuscitation efforts by failing to promptly return the blood gasses to a normal level as evidenced by the blood gas values; and,

    b.    negligent and significant delay in the treatment of the infant's seizures from the time of birth at 00:15 until the "loading dose" was given at 23:25 on 2/3/06 ;

Drs. Cullen and Crawford will also testify to the minor plaintiff's pain and suffering he has endured in the past, and will endure in the future, his present neurological disabilities and the nature and costs of medical, psychological, nursing, rehabilitative, educational, pharmaceutical services, as well as his requirement for life long, around-the-clock care and attention for all activities of daily living; as well as expenses for specialized equipment, vehicles, home modification and other supplies. They will give their opinions and concur with the life-care plans and vocational assessment generated by plaintiffs' other experts.

They are expected to render the opinion that minor plaintiff's life expectancy is normal with optimal care.

All of the above experts will opine that as a direct and proximate result of the aforesaid acts of negligence by the agents, employees and/or servants of Providence Hospital, minor plaintiff suffered hypoxic ischemic encephalopathy, diffuse cerebral edema, subarachnoid hemorrhages and intraventricular hemorrhages, causing severe permanent brain damage with disabling damage to his body, including but not limited to, permanent motor and neurological dysfunction, seizures, RDS, cerebral palsy, and other global neurological and physical impairments leaving him completely and permanently disabled. They are expected to opine that if the infant was promptly and atraumatically delivered, and the resuscitative efforts and anti-seizure medication were promptly and adequately provided, the minor plaintiff would be neurologically normal.

    6.    Estelle Davis, Ph.D. (Vocational Rehabilitation)
           5052 Dorsey Hall Drive, #102
           Ellicott City, MD 21042

      7.      Ms. Kathleen Sampeck (Lifecare Planner)

            P.O. Box 2920
            Stafford, Virginia 22555-2920

Dr. Davis' and Ms. Sampeck's curriculum vitae have been provided to the defense along with their reports involving the minor plaintiffs' life care and vocational issues. In summary, Dr. Davis determined that while the minor plaintiff "may qualify for high level special education services that may increase his self help abilities... it is not likely he will become an independently functioning adult." Dr. Davis will testify that minor plaintiff will not be employable in any capacity. Ms. Sampeck's specific life care needs were set out in her twenty-one (21) page report.

      8.      Richard Lurito, Ph.D. (Economist)
            1491 Chain Bridge Road, Suite 300
            McLean, VA 22101

Dr. Lurito is plaintiffs' economist. His curriculum vitae has already been provided to the defense along with his report. In summary, Dr. Lurito rendered his opinion to a reasonable degree of scientific certainty that the present values of the losses sustained by the minor plaintiff as a result of the damages he sustained and will sustain are between $13,625,835.00 and $19,871,778.00. These losses include, but are not limited to: lost wages; lost past medical expenses; future care need; future supplies; future home modification; lost income and income potential; as well as other related losses reflected in the reports and opinions of the aforesaid experts.

In addition to the aforesaid individuals, Plaintiff intends on calling minor plaintiff's past and present treating physicians to address his: diagnosis; prognosis; around-the clock care needs; cause of his injury; physical and mental disabilities; level of impairment and conscious pain and suffering.

Plaintiff reserves the right to call any person listed in Defendants' 26(b)(4) Statement.

Plaintiffs further reserve the right to supplement this pleadings if discovery so mandates.

4

/s/Anthony G. Newman/ _____
Anthony G. Newman, Esquire
Newman, McIntosh & Hennessey, LLP
7315 Wisconsin Ave., Suite 700E
Bethesda, MD 20814
(301) 654-3400

/s/Ira Sherman/_____
Ira Sherman, Esquire
Chaikin & Sherman, P.C.
1232 Seventeenth Street, N.W.
Washington, D.C. 20036
(202) 659-8600
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 17th day of August 2007, a copy of the foregoing was mailed first class, postage prepaid to:

Thomas Hogan, Esquire
HOGAN & HEALD
11130 Fairfax Blvd, Suite 310
Fairfax, VA 22030

/s/Ira Sherman/_____
Ira Sherman, Esquire

5