IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
*Civil Division*

| | |
|---|---|
| **JUANA I. VENTURA,** *et al.* | : |
| | : |
| | : |
| | : **Civil No. 1:06CV02090** |
| **Plaintiffs,** | : |
| | : **Judge Emmet G. Sullivan** |
| vs. | : |
| | : |
| **PROVIDENCE HOSPITAL**, *et al*. | : |
| | : |
| **Defendant.** | : |
| | : |

**PLAINTIFFS' 26(B)(4) STATEMENT**

In accordance with the Courts' Scheduling Order, Plaintiffs list the following experts they expect to call during trial of the above captioned case:

Barry Schifrin, M.D. (Ob/Perinatologist)
18425 Burbank Blvd.
Suite 600
Tarzana, CA 91356

Patrick Lavery, M.D. (Ob/Perinatatologist)
3416 Winchell Avenue
Kalamazoo, MI 49002

James O'Leary, M.D. (Ob/Gyn)
2905 Gulfshore Boulevard N., #402
Naples, Florida 34103

Paul Gatewood, M.D.(Ob/Gyn)
5395 Bayhill Drive
Canfield, Ohio    44406

Newton Osborne, M.D. (Ob/Gyn, Bacteriology)
59-60 Valle Escondido
Republic of Panama  00413

Drs. Schifrin, Lavery,[1] O'Leary, Gatewood, and Osborne are expected to testify that, to a reasonable degree of medical certainty, that defendant violated the national standard of care, by the following:

a. negligent failure to perform the required evaluations, and examinations (fetal weight and interval pelvic examinations, etc) on a arrested labor;

b. negligent failure to promptly deliver infant after an obvious arrest in labor in a *prima gravida* with failure to progress;

c. negligent failure to properly evaluate and appreciate non-reassuring signs on the fetal monitor;

d. negligent failure to recognize late decelerations;

e. negligent traumatic delivery;

f. negligent failure to perform a C-Section;

g. negligent and inadequate resuscitation efforts;

h. negligent application of vacuum extractor;

i. negligent delay in the treatment of the infant's seizures;

j. negligent supervision and/or training of the individuals involved in the delivery process and neonatal care by Providence Hospital;

k. abandonment of the female Plaintiff, a *prima gravida* with an arrested labor, to be induced by Pitocin, to a nurse midwife instead of an obstetrician;

l. negligent delivery by a midwife of a complicated labor with an abnormal lie and an arrested labor, when the obstetrician was present to perform the delivery; and,

m. negligent failure to have a pediatrician present immediately at the time of delivery.

---

[1] Plaintiffs provided Drs. Schifrin and Lavery for deposition in advance of this pleading as a courtesy to facilitate settlement, thus their opinions are already known to the defense. They are, of course, expected to testify at trial in accordance with their depositions, which are incorporated herein by reference.

These experts will also provide that, in their opinion, the delay in delivery and the manner in which the delivery was conducted were the proximate cause of the infant's permanent neurologic damage and that the child would have been born neurologically normal if the national standard of care had been followed by defendant.

> Robert Cullen, M.D. (Pediatric neurologist)
> Miami Children's Hospital
> 3200 SW 60th Court, Suite 302
> Miami, Florida 33155
>
> Carolyn Crawford, M.D. (Neonatologist/Perinatologist)
> 5616 Sounds Avenue
> Sea Isle City, NJ  08243

Drs. Cullen and Crawford are expected to testify, in accordance with the aforesaid experts that, to a reasonable degree of medical certainty, defendant violated the national standard of care, with the following focus:

a. negligent failure to perform the required evaluations, and examinations (fetal weight and interval pelvic examinations, etc) on a arrested labor;

b. negligent failure to promptly deliver infant after an obvious arrest in labor in a *prima gravida* with failure to progress;

c. negligent failure to properly evaluate and appreciate non-reassuring signs on the fetal monitor;

d. negligent failure to recognize late decelerations;

e. negligent traumatic delivery;

f. negligent failure to perform a C-Section;

g. negligent and inadequate resuscitation efforts;

h. negligent application of vacuum extractor;

i. negligent delay in the treatment of the infant's seizures;

j. negligent supervision and/or training of the individuals involved in the delivery process and neonatal care by Providence Hospital;

      k.      negligent failure to have a pediatrician present immediately at the time of delivery.

Dr. Cullen is expected to examine the child and testify to the child's present neurological disabilities as well as the nature and costs of medical, psychological, nursing, rehabilitative, educational, pharmaceutical services, needs for life long, around-the-clock care and attention for all activities of daily living, expenses for specialized equipment, vehicles, home modification and other supplies and testify to the minor plaintiff's pain and suffering he has endured in the past, and will endure in the future. Both Drs. Cullen and Crawford are expected to render their opinion that minor plaintiff's life expectancy is normal with optimal care.

It is further expected that all of the above experts will opine that as a direct and proximate result of the aforesaid acts of negligence by the agents, employees and/or servants of Providence Hospital, minor Plaintiff suffered hypoxic ischemic encephalopathy, diffuse cerebral edema, subarachnoid hemorrhages and intraventricular hemorrhages resulting in severe permanent brain damage and disabling damage to his body, including but not limited to: permanent motor and neurological dysfunction, seizures, cerebral palsy, and other global neurological and physical impairments leaving him completely and permanently disabled.

    Susan Ryan, CNM    (Nurse Midwife)
    19321 Santa Fe Trial
    Leavenworth, Kansas    66048

Nurse Ryan, is expected to testify in accordance with the aforesaid Obstetric experts in regard to the requirement for a C-Section and that, to a reasonable degree of scientific certainty, the defendant violated the national standard of care in failing to deliver this infant promptly

when the labor failed to progress and there were non-reassuring signs on the fetal tracing. She is expected to testify that in her opinion the infant suffered neurologic damage as a result of the delays in delivery and the delivery process itself. She will also render her opinions as to the proper roles and interactions between the nurse midwife and the obstetrician and the liability of each in this delivery process. She is also expected to testify that it was the obstetrican's responsibility to take control of this patient and delivery this infant promptly. Her report is attached hereto.

    Robert Zimmerman, M.D.
    Dept of Radiology
    Children's Hospital
    324 South 34th Street
    Philadelphia, PA 19104

Dr. Zimmerman is physician board certified in radiology with a certificate of added qualifications in neuroradiology. He will testify as to his findings from his review of the medical records and the radiographic studies. He is expected to testify, to a reasonable degree of medical certainty that the CT Scans of 2/4/2006 and 2/9/2006 as well as the MRI of 2/09/2006 taken of the Ventura/Alfaro child, to the highest probability, demonstrate that the child suffered a severe perinatal asphyxia/hypoxia insult which led to global permanent brain damage.

Dr. Zimmerman is further expected to opine, to a reasonable degree of medical certainty, that the findings on the CT-scans and MRI's are consistent with the cord ph, base excess, tracings and other findings at the time of delivery establishing that the child suffered the insult at the time of birth and/or in the immediate hours prior to birth.

    Estelle Davis, Ph.D.
    5052 Dorsey Hall Drive, #102
    Ellicott City, MD 21042

    Ms. Kathleen Sampeck
    P.O. Box 2920

Stafford, Virginia  22555-2920

Dr. Davis is a rehabilitation expert and Ms. Sampeck is a life care planner.  Their *curriculum vitaes* have already been provided, along with their reports.   It is expected that they will testify in accordance with their reports that minor plaintiff will not likely become an independently functioning adult, that he will requiring life long attendance and care, and never live a normal life.

Richard Lurito, Ph.D. (Economist)
1491 Chain Bridge Road, Suite 300
McLean, VA  22101

Dr. Lurito is Plaintiffs' economist. Dr. Lurito will render his opinions found in his report already provided to the defense (His C.V. has also been provided to the defense).  It is expected that Dr. Lurito will render his opinion, to a reasonable degree of scientific certainty, to the present values of the losses sustained by the minor plaintiff and his family as a result of the damages testified to by the above experts. These losses include, but are not limited to: lost wages; lost past medical expenses; future care need; future supplies; future home modification; lost income and income potential; as well as other related losses.

Plaintiffs reserve the right to call minor plaintiff's past and present treating physicians to address the cause of his condition, as well as his: diagnosis; prognosis; need for around-the clock care; physical and mental disabilities; level of impairment and conscious pain and suffering.

Plaintiffs reserve the right to call all expert witnesses identified by the other parties.

Plaintiffs reserve the right to call additional expert witnesses identified in the reports and depositions of the other parties' experts

Respectfully submitted,

   /s/ Anthony Newman
Anthony Newman, Esq.
7315 Wisconsin Avenue, Suite 700E
Bethesda, Maryland 20814
(301) 654-3400


   /s/ Ira Sherman
Ira Sherman, Esq.
CHAIKIN, SHERMAN, CAMMARATA, SIEGEL, P.C.
1232 Seventeenth Street, N.W.
Washington, D.C. 20036
(202) 659-8600

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was served electronically via the EM/EFC system on June 3, 2008 to:

Craig Stephen Brodsky
Donald L. DeVries
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street
20th Floor
Baltimore, MD 21202

   /s/Anthony Newman
Anthony Newman